UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VIRAL DRM, LLC,

        Plaintiff,                                      Case No. 1:23-cv-22903-RKA

        v.

EVTV MIAMI INC.,

        Defendant.

-----------------------------------------------/

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND MEMORANDUM OF LAW**

Plaintiff, Viral DRM, LLC ("Plaintiff") (hereinafter referred to as "Plaintiff") by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 7.1(d) hereby moves this court for Entry of a Default Final Judgment against defendant, EVTV Miami Inc. ("EVTV" or "Defendant"), upon the Complaint hereto filed and served upon the Defendant, and in support thereof states as follows:

## INTRODUCTION

1. Plaintiff filed suit against Defendant on August 4, 2023. [Dkt. No. 1]. This is an action seeking damages against Defendant arising from the Defendant's unauthorized use of the Plaintiff's copyrighted work on its online account and the infringement of the Plaintiff's copyrights in accordance with 17 U.S.C. § 501 *et seq*.

2. This Court has subject-matter jurisdiction over claims for copyright infringement pursuant to 28 U.S.C. §1338, as well as federal question jurisdiction under 28 U.S.C. §1331. [Dkt. No. 1 at ¶ 7].

3. Plaintiff is a videography company that is the legal and rightful owner of videos in which Plaintiff licenses to online and print publication. [Dkt. No. 1 at ¶ 10].

4. Defendant is the registered owner and operator of the social media account on Instagram named as @evtvmiami (the "Account") and is responsible for all of its content. [Dkt. No. 1 at ¶¶ 3 & 18].

5. The Account is a part of and used to advance Defendant's popular and lucrative commercial enterprise and is monetized in that it promotes traffic to Defendant's associated websites, activities from which Defendant is believed to profit from. [*Id.* at ¶¶ 19 – 20].

6. On March 21, 2022, third-party videographer Ronald Emfinger authored a video of a tornado hitting a red pickup truck (the "Video"). [Dkt. No. 1 at ¶ 14; *see also* Declaration of Michael Brandon Clement submitted herewith ("Clement Decl.") at ¶ 4]. A copy of the Video is annexed to the Complaint as Exhibit 1 at Dkt. No. 1-1.

7. By way of written assignment agreement, Plaintiff owns the copyrights

to the Video. [Clement Decl. at ¶ 6].

8. The Video was registered by the United States Copyright Office ("USCO") on April 22, 2022, under Registration No. PA 2-354-516. [Dkt. No. 1 at ¶ 22; Clement Decl. at ¶ 5, Ex. 1].

9. On April 19, 2022, Plaintiff first observed the Video in an online post dated March 22, 2022 at URL: https://www.instagram.com/reel/CbZ31LJqeQp/ (the "Infringement"). [Dkt. No. 1 at ¶ 21, Exhibit 2; Clement Decl. at ¶ 8].

10. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph on the Account. [Dkt. No. 1 at ¶ 22].

11. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights. [Dkt. No. 1 at ¶ 22; Clement Decl. at ¶¶ 9 – 10].

12. The Video has a proposed licensing fee of $10,000.00 based off of the licensing history of the Video. [*See* Clement Decl. at ¶ 12, Ex. 2]. Plaintiff is seeking statutory damages of three (3) times the licensing fee for each infringement, for a total of $30,000.00.

13. On November 2, 2023, Plaintiff moved the Court for an order authorizing alternate service of process on Defendant [Dkt. No. 7], which the Court

granted on November 2, 2023. [Dkt. No. 8].

14. Thereafter, on November 3, 2023, Defendant was served with a copy of the Summons, Complaint and Exhibits, and Civil Cover Sheet via said authorized alternate means. The Certificates of Service were then filed on November 6, 2023. [Dkt. Nos. 9 & 10].

15. In a paperless Order dated November 28, 2023, the Court found that the November 27, 2023, deadline for Defendant to respond to the Complaint had passed, and that the Defendant had failed to respond to the Complaint or otherwise appear in this case at all. [Dkt. No. 11]. In light of Defendant's failure to appear in this action, the Court directed Plaintiff to move for Clerk's Entry of Default by December 1, 2023. [Dkt. No. 11].

16. As such, on November 29, 2023, Plaintiff filed an Application for Entry of Clerk's Default against Defendant. [Dkt. No. 12].

17. On November 30, 2023, the Clerk of the Court for the United States District Court for the Southern District of Florida entered a default against the Defendant. [Dkt. No. 13].

18. In an Order dated November 30, 2023, the Court directed the Plaintiff to file a Motion for Default Final Judgment by December 12, 2023. [Dkt. No. 14].

19. As Defendant has failed to appear or otherwise defend this action and

has failed to comply with the Court's Orders, Plaintiff is entitled to judgment by default against Defendant as a matter of law.

20. Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the Defendant for relief sought by Plaintiff in his Complaint.

21. Plaintiff respectfully requests that this Court grant this Motion for Default Judgment and award Plaintiff all relief requested in this Motion, which includes the following:

    i. Plaintiff is awarded statutory damages for copyright infringement pursuant to 17 U.S.C. §504(c) in the amount of $30,000.00;

    ii. Attorneys' fees in the amount of $7,007.50 pursuant to 17 U.S.C. 505; and

    iii. Costs in the amount of $568.25, pursuant to 17 U.S.C. §505.

## MEMORANDUM OF LAW

### I. Standard for Default Judgment

Federal Rule of Civil Procedure 55(a)-(b) describes a two-step process for entry of default judgment. First, the clerk of the court must enter a default where a plaintiff demonstrates that the defendant has failed to plead or otherwise defend the action. Fed. R. Civ. Pro. 55(a). Second, following the entry of default, a district

court may enter default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).

Once a default is entered against a defendant, that party is deemed to have admitted the well-pleaded allegations of fact in the complaint. *See Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890, (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987)); *see also Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). As stated above, Plaintiff has satisfied all procedural requirements for entry of a default judgment.

## II. Plaintiff's Complaint States a Valid Cause of Action for Copyright Infringement

The Copyright Act gives the copyright owner the exclusive rights to produce a copyrighted work and distribute copies of the work. *See* 17 U.S.C. §106(1)-(3). To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of elements of the original work. *Feist Pubs., Inc. v. Rural Tel Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). In the Complaint, Plaintiff alleges facts sufficient to establish copyright infringement by Defendant.

Plaintiff sufficiently alleges that it is the owner of all rights, title and interest in its respective Copyrights, and that these copyrights constitute original and copyrightable subject matter under the Copyright Act. [Dkt. No. 1 at ¶¶ 13 - 15].

Furthermore, by virtue of its valid registration of Plaintiff's Copyrights, under 17 U.S.C. §401(c), Plaintiff enjoys a presumption of ownership, originality and validity in the works at issue. *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989). Thus, the registration number in the Complaint constitutes prima facie evidence of Plaintiff's ownership of copyrights. [*See* Dkt. No. 1, ¶ 15; *see also* Clement Decl. at ¶¶ 4 - 6, Ex. 1].

Next, Plaintiff sufficiently alleged Defendant copied its Video: "[w]ithout permission or authorization from Plaintiff, Defendant volitionally selected, copied and/or displayed Plaintiff's copyright protected Video on the Account." [Dkt. No. 1 at ¶ 22]. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied/displayed the Video. [*Id.*; *see also* Clement Decl. at ¶¶ 9 – 11].

Thus, Plaintiff has sufficiently stated a cause of action for copyright infringement, since the Complaint properly alleges 1) ownership of a valid copyright and 2) Defendant's copying of Plaintiff's original work.

### III. **Plaintiff is Entitled to Statutory Damages**

As a result of Defendant's default and Plaintiff's prima facie case of copyright infringement, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c) and costs and reasonably attorneys' fees pursuant to 17 U.S.C. § 505.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND
MEMORANDUM OF LAW

Plaintiff respectfully requests that the Court enter judgment awarding each of these forms of relief.

Under 17 U.S.C. §412, registration is a prerequisite to recover statutory damages under sections 504 and 505. Provided that a work was registered prior to the infringement or within the first three months after publication, a copyright owner may choose to recover statutory damages instead of actual damages. 17 U.S.C. §§412, 504(c)(1). Here, as evidenced in "Exhibit 1" to the Clement Decl., the Video was authored on March 21, 2022, and was registered with the United States Copyright Office on April 22, 2022. The Video was discovered on the Defendant's Account on April 19, 2022. Thus, the Video was registered prior to the infringement as provided by §412. Accordingly, Plaintiff is entitled to recover statutory damages as well as attorneys' fees and costs under 17 U.S.C. §§504 and 505.

A copyright owner may elect to recover either statutory damages or actual damages and profits:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable… in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. §504(c)(1); *see also Arista Records, Inc. v. Beker Enterprises, Inc*. 298. F.Supp. 2d. 1310, 1312 (S.D.Fla. 2003). The Copyright Act permits a minimum award of $750 and a maximum of $30,000. *Id.* A Plaintiff who demonstrates willful infringement may seek statutory damages of up to $150,000 per copyrighted work. 17 U.S.C. §504(c)(2).

In determining the amount of statutory damages under the Copyright Act, courts look to see if the amount is calculated to serve the purpose of awarding statutory damages, including compensation for lost profits, punishment of willful conduct, and deterring future infringing activity. *Peer Int'l*, 909 F.2d at 1336 (a guiding principle in setting the amount of statutory damages, particularly in cases of willful infringement, is "to sanction and vindicate the statutory policy of discouraging infringement" even for an "uninjurious and unprofitable invasion of copyright"). A plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.* 259 F.3d 1186, 1194 (9th Cir. 2001). Accordingly, "the court has wide discretion in determining the amount of statutory damages to be awarded." *Jackson v. Sturkie,* 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Several courts have held statutory damages are appropriate in default

judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed. *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213 (S.D. Fla. 2004); *Sara Lee Corp. v. Bags of New York, Inc.,* 36 F.Supp 2d 161 (S.D.N.Y. 1999), *Phillip Morris USA, Inc. v. Castworld Products, Inc.,* 219 F.R.D. 494 (C.D. Cal. 2003). Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. V. Reuters Television Int'l.,* 149 F. 3d 987, 996 (9th Cir. 1998). "The United States Supreme Court has held that merely awarding damages equal to lost profits does not sufficiently deter infringements." *EMI Mills Music, Inc. v. Empress Hotel, Inc.,* 470 F.Supp. 2d 67, 75 (D. Puerto Rico 2006) (*citing F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233 (1952)). Therefore, a statutory damage award should significantly exceed the amount of the license fee, in order to put infringers on notice that it costs less to adhere to copyright laws than to violate them. *Broadcast Music, Inc. v. Star Amusements, Inc.,* 44 F.3d 485, 488 (7th Cir. 1995).

Federal Courts typically award three to five times the amount of the licensing fee for each infringement. *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 660 (S.D.N.Y. 1996) (awarding statutory

damages of approximately five times the amount of licensing fee); *Sailor Music v. IML Corp.,* 867 F.Supp. 565, 700 (E.D.Mich. 1994) (awarding three times the amount of licensing fee); *Broadcast Music, Inc. v. Kiflit,* 2012 WL 4717852 (N.D. Cal. 2012) (granting statutory award of over three times the amount of licensing fee in order to compensate plaintiff's lost profits and deter defendant's future infringement); *Halnat Pub. v. LAPA Inc.,* 669 F.Supp. 933 (D.Minn. 1987) (awarding over three times the lost registration fees); *Broadcast Music, Inc. v. Entertainment Complex, Inc.,* 198 F.Supp. 2d 1291 (N.D. Ala. 2002) (awarding approximately three times the amount of unpaid licensing).

Here, Plaintiff seeks a total statutory damage award of $30,000.00 as compensation for Plaintiff's damages, as a punishment for Defendant's willful conduct, and as a deterrent to future infringement by Defendant and others. In support of the statutory damage award being sought, Plaintiff has attached as Exhibit 2 to the Clement Decl. prior licensing for the Video to evidence a fair market value for Defendant's use of the Video on its Account. [*See* Clement Decl. at ¶12, Ex. 2].

Here, an award of three (3) times the licensing fee for the Video is appropriate because the amount is within the statutory guidelines of §504(C)(1) and necessary to punish Defendant, who has infringed upon Plaintiff's copyrighted

work. Additionally, Defendant posted this Video on a public online account, where other people were able to view and copy it, which greatly decreases Plaintiff's ability to license the Video. With the imposition of this award, Plaintiff seeks to deter Defendant and other infringers from unlawfully copying its Videos on websites and online accounts and from exhibiting a total disregard for the Federal Rules and the judicial process. Plaintiff also seeks compensation for damages caused by Defendant's infringement and to punish Defendant appropriately for its unlawful activities, the true extent of which is unknown as Defendant has failed to take part in this litigation.

### IV. Plaintiff is Entitled to Attorney's Fees and Costs

The Copyright Act permits the prevailing party to recover their full costs and attorney's fees. 17 U.S.C. §505. Courts have frequently awarded full costs and attorney's fees in order to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the courts to protect their works; and (3) penalize the losing party and compensate the prevailing party." *Arista Records, Inc. v. Beker Enterprises, Inc*. 298. F.Supp. 2d. 1310, 1315-1316 (S.D. Fla. 2003) (*citing A&N Music Corp. v. Venezia*, 733 F.Supp. 955, 959 (E.D.Pa. 1990)). Additionally, "courts regularly award attorney's fees and costs on default judgment." *Id*. (*citing Sony Music*

*Entertainment v. Cassette Production*, 1996 WL 673158, *4 (D.N.J. 1996)). An award for attorney's fees in copyright infringement cases are in "the trial court's discretion" but "they are the rule rather than the exception and should be awarded routinely." *Id*. (*citing Jobete Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 10 (S.D.Miss. 1994)) (internal citations omitted). Furthermore, "a party that seeks to enforce its copyrights and prevails…should have its attorney's fees awarded to promote enforcement of the Copyright Act and creativity, respectively." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008).

Here, since Plaintiff is the prevailing party, it is entitled to recover its full costs and attorney's fees. To date, Plaintiff has incurred costs in the amount of $568.25 inclusive of the $402.00 filing fee and administrative fee and $166.25 in process server fees. [*See* Declaration of Craig B. Sanders, Esq. ("Sanders Decl.")]. Plaintiff has also incurred $7,007.50 in attorney's fees. [*See* Sanders Decl. Ex. 1]. Therefore, Plaintiff is entitled to recover a total $7,575.75 in fees and costs.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Final Judgment and enter a Default Final Judgment against Defendant, EVTV Miami Inc., awarding Plaintiff $30,000.00 in statutory

damages, $7,007.50 in attorney's fees and $568.25 in costs.

DATED: December 11, 2023

                                          Respectfully submitted,

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders (Fla. Bar 985686)
333 Earle Ovington Boulevard, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600
csanders@sanderslaw.group
*Attorneys for Plaintiff*