**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

VIRAL DRM, LLC,

Plaintiff, **Case No. 1:23-cv-22903-RKA**

v.

EVTV MIAMI INC.,

Defendant.
-----------------------------------------------------/

**VIRAL DRM, LLC'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

I, MICHAEL BRANDON CLEMENT, pursuant to 28 U.S.C. §1746, hereby states and declares as follows:

1. I am the company representative and founding member of plaintiff, Viral DRM, LLC ("Plaintiff") in this action. As such, I have personal knowledge of the facts set forth in this Declaration and would testify as to them in a court of law if required to do so.

2. I respectfully submit this declaration in support of Plaintiff's Motion for Default Final Judgment against defendant EVTV Miami Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55(b) and the Court's inherent power, granting Plaintiff's default judgment against Defendant.

3. Plaintiff is a professional videography company that is the legal and rightful owner of videos which Plaintiff owns the rights to and licenses to online and print



SLG SANDERS LAW GROUP

publications.

4. On March 21, 2022, third-party videographer Ronald Emfinger authored a video of a tornado hitting a red pickup truck (the "Video"). *See* Complaint, Ex. 1 [Dkt. No. 1-1].

5. On April 22, 2022, the Video was registered with the USCO under Registration No. PA 2-354-516. A copy of the USCO copyright registration is attached hereto as Exhibit 1.

6. Plaintiff, by way of written assignment agreement, owns the copyrights to the Video.

7. Defendant is the registered owner and operator of the social media account on Instagram named as @evtvmiami (the "Account").

8. On April 19, 2022, I first observed the Video on Defendant's Account in a post dated March 22, 2022 at URL: https://www.instagram.com/reel/CbZ31LJqeQp/ (the "Infringement").

9. At no time did Plaintiff grant a license to use the Video, nor did Plaintiff otherwise authorize Defendant's use or distribution of same.

10. Plaintiff did not license the Video to Defendant, nor did Defendant have permission or consent from Plaintiff to publish the Video on the Account.

11. The Video has never been licensed to Defendant.

12. I estimate that Plaintiff would have been reasonably entitled to charge



SLG SANDERS LAW GROUP

$10,000.00 for use of the Video in the commercial manner used by Defendant. As evidence to support this damages claim, I respectfully submit, as benchmark license fees, prior licensing for this Video in the commercial manner used by Defendant in the amounts of $3,000.00 and $21,000.00. Attached as Exhibit 2 are true and correct copies of the prior licensing fees for the Video. As the exact duration of time in which the Video remained actively displayed on Defendant's Account is unknown, based off of the prior licensing fees submitted herewith, I respectfully submit that the $10,000.00 proposed fee is reasonable.

13. As a result, Plaintiff seeks a statutory copyright damages award of $30,000.00 per infringement, as compensation for Plaintiff's damages, as punishment for Defendant's willful infringing conduct, and as a deterrent to future infringements by Defendant and others. This award constitutes three (3) times the licensing of $10,000.00 for the Video at issue per infringement.

I declare under penalty of perjury of the laws that I have read this Declaration and that the foregoing is true and correct.

Executed this 11th day of December, 2023.

Michael B. Clement

MICHAEL BRANDON CLEMENT

SLG SANDERS LAW GROUP