UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22903-ALTMAN/Becerra

**VIRAL DRM, LLC**,

    *Plaintiff*,

v.

**EVTV MIAMI, INC.**,

    *Defendant*.

_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

The Plaintiff, Viral DRM, LLC, has filed a Motion for Entry of Default Final Judgment (the "Motion") [ECF No. 15]. On November 30, 2023, the Clerk entered default [ECF No. 13] against the Defendant, and our review of the record indicates that the Defendant has indeed failed to appear, answer, or otherwise respond to the Plaintiff's Complaint [ECF No. 1]. *See generally* Docket. Accordingly, after careful review, we now **GRANT** the Motion.

### FACTUAL AND PROCEDURAL HISTORY

The Plaintiff is an Alabama limited liability company, and the Defendant is a Florida corporation, "which owns and operates a social media account on Instagram named @evtvmiami." Complaint ¶¶ 3, 5–6. On March 21, 2022, the Plaintiff "authored" a "video of a tornado hitting a red pickup truck." *Id.* ¶¶ 2, 14. And, on "April 22, 2022, the Video was registered by the [United States Copyright Office] under Registration No. PA 2-354-516." *Id.* ¶ 15. In the meantime—"on or about March 22, 2022"—the Defendant "displayed the Video on [its] Account as part of an Instagram reel." *Id.* ¶ 21. Based on these facts, the Plaintiff alleges that the Defendant, "without permission or authorization from Plaintiff, actively copied and/or displayed the Video on [its] Account and engaged in this misconduct knowingly and in violation of the United States copyright laws." *Id.* ¶ 4.

The Plaintiff sued the Defendant on August 4, 2023, asserting one count of "Direct Copyright Infringement" under 17 U.S.C. § 501 *et seq. Id.* ¶¶ 40–49. After the Plaintiff was unable to serve the Defendant (despite multiple attempts), we granted the Plaintiff's Motion for an Order Authorizing Alternate Service of Process. *See* November 28, 2023, Paperless Order [ECF. No. 11]. The Plaintiff complied with our order and served the Defendant by email and the U.S. Postal Service, *see* Certificates of Service [ECF Nos. 9, 10], but the Defendant still hasn't responded to the Complaint, asked for an extension of time, or appeared on the docket. *See generally* Docket. The Plaintiff thus moved for Clerk's Entry of Default, which the Clerk granted. *See* Clerk's Default [ECF No. 13]. The Plaintiff then filed its Motion for Entry of Default Final Judgment, which we adjudicate here.

## THE LAW

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing FED. R. CIV. P. 55(b)(2)). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). "[A] default final judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions of the "old Fifth" Circuit handed down prior to close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

*Surtain*, 789 F.3d at 1245. In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

**ANALYSIS**

Before delving into the Motion itself, we must quickly verify that we have subject-matter jurisdiction over this case, that we can exercise personal jurisdiction over the Defendant, and that venue is proper in our District. We have federal-question jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts his only claim under the Copyright Act, 17 U.S.C. § 501. *See* Complaint ¶¶ 40–49. We also have "general personal jurisdiction" over the Defendant because it's "a citizen of [Florida]." *Klayman v. Cable News Net.*, 2023 WL 2027843, at *2 (11th Cir. Feb. 16, 2023); *see also* Complaint ¶ 6 ("Upon information and belief, Defendant . . . is a Florida corporation with a principal place of business at 7620 Northwest 25th Street, Suite 5, Miami in Miami-Dade County, Florida."). Finally, venue is proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Florida. 28 U.S.C. § 1391(b)(2).

**I.      Copyright Damages**

The Amended Complaint sufficiently pleads direct copyright infringement, in violation of 17 U.S.C. § 501 *et seq.* "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (same). And, for that infringement to be willful, the defendant must "know[ ] his actions constitute an infringement; the actions need not have been malicious." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015). Our Plaintiff has established

3

infringement because it has shown that (1) it owns the rights to the video, *see* Certificate of Registration [ECF No. 15-2], and (2) that the Defendant, without authorization, copied and displayed the copyrighted work on its website, *see* Complaint ¶ 21.[2] While the Plaintiff insists that this infringement was willful, *see* Complaint ¶¶ 44–46, we needn't make that determination here because—as we're about to show—the statutory damages the Plaintiff seeks are within the range for non-willful infringement.

So, what about those damages? "Here, Plaintiff seeks a total statutory damage award of $30,000.00 as compensation for Plaintiff's damages, as a punishment for Defendant's willful conduct, and as a deterrent to future infringement by Defendant and others." Motion at 11. Under § 504(c)(1), "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which one infringer is liable individually, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).[3] "Statutory damages for copyright violations are designed to give the owner of a copyright some recompense for injury done to him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Harrington v. Latin Travel Direct, LLC*, 2019 WL 13436531, at *2 (S.D. Fla. July 26, 2019) (Scola, J.). "[O]nce a timely election is made to receive statutory

---

[2] One quick note about timing. Under 17 U.S.C. § 412(2), the Plaintiff may recover damages even though the alleged infringement occurred *before* the effective date of the Copyright registration. *See* 17 U.S.C. § 412(2) ("[N]o award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright commenced after first publication of the work and before effective date of its registration, *unless such registration is made within three months after the first publication of the work.*" (emphasis added)). In our case, the Plaintiff first published the video on March 21, 2022, the Defendant allegedly infringed on March 22, 2022, and the certificate of registration became effective on April 22, 2022—within three months of the first publication. *See* Complaint ¶¶ 2, 14, 15, 21.

[3] Section 504(c)(2), on the other hand, provides for greater statutory damages in cases of willful infringement: "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

damages all questions regarding actual and other damages are rendered moot." *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997). "The courts have wide discretion in awarding damages within the statutory range provided in § 504(c)[.]" *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260–61 (11th Cir. 2014). "Statutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017) (Duffey, J.) (cleaned up).

The Plaintiff bases its request for $30,000 in statutory damages on its estimate of its actual damages. And that's a proper method for computing statutory damages. "One method of calculating actual damages is to use the licensing fee that the copyright owner would have charged for the work that was infringed," *Harrington*, 2019 WL 13436531, at *2, and to multiply that number by three, *see, e.g.*, *Schwabel v. HPT Serv., LLC*, 2018 WL 4782328, at *4 (M.D. Fla. Sept. 6, 2018) (Toomey, Mag. J.), *report and recommendation adopted*, 2018 WL 4775135 (M.D. Fla. Oct. 3, 2018) (Howard, J.) (recommending a three-times multiplier); *Universal Music Corp. v. Latitude 360 Nevada, Inc.*, 2016 WL 3200087, at *4 (M.D. Fla. May 4, 2016) (Klindt, Mag. J.), *report and recommendation adopted*, 2016 WL 3188899 (M.D. Fla. June 8, 2016) (Howard, J.) (same); *Markos v. Yacht Charters of Miami.com, LLC*, 2019 WL 8989936, at *3 (S.D. Fla. Oct. 2, 2019) (Torres, Mag. J.), *report and recommendation adopted*, 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (Scola, J.) (same). The Plaintiff recommends that we adopt this three-times multiplier here. *See* Motion at 11–12 ("Here, an award of three (3) times the licensing fee for the Video is appropriate because the amount is within the statutory guidelines of § 504(c)(1) and necessary to punish Defendant . . . . Additionally, Defendant posted this video on a public online account, where other people were able to view and copy it, which greatly decreases Plaintiff's ability to license the Video."). According to the Plaintiff, a hypothetical $10,000 licensing fee for this video is appropriate because the Plaintiff had previously sold licensing fees for this video

for $3,000 and $21,000. *See* Brandon Clement Decl. [ECF No. 15-1] ¶ 12. By multiplying $10,000 by three, the Plaintiff arrives at a $30,000 statutory-damages award. *See* Motion at 11–12.

We agree with the Plaintiff's recommendation. Ascertaining a reasonable licensing fee for the video and then multiplying that number by three is an appropriate (and well-accepted) method for determining statutory damages. And, based on the evidence the Plaintiff has submitted, $10,000 is a realistic licensing fee for the video in question here. Nor do we think that $30,000 would constitute an unjustifiable windfall for the Plaintiff. Instead, $30,000 is a sufficiently significant award to further the aims of our federal Copyright Law, compensate the Plaintiff, and deter future infringements by this Defendant (and others). We therefore award the Plaintiff **$30,000 in statutory damages**.

## II.   Injunctive Relief

The Plaintiff also seeks an "order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works[.]" Complaint at 8. We may "grant temporary and final injunctions on such terms as [we] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010). "The four-part test is regularly satisfied at the default-judgment stage in copyright-infringement cases." *Garden World Images, Ltd. v. WilsonBrosGardens.com LLC*, 2019 WL 8017802, at *7 (N.D. Ga. Oct. 31, 2019).

Given the value of the copyrighted material, the ease with which it can be disseminated on the internet, and the irreparable injury the Plaintiff suffers when its works are displayed by others, we find that a permanent injunction is warranted in this case. *See, e.g.*, *Harrington*, 2019 WL 13436531,

at *3 (granting permanent injunction in a similar copyright action involving a photograph); *Strober v. Harris*, 2021 WL 7629457, at *4 (M.D. Fla. Nov. 23, 2021) (Scriven, J.) (same, but in a case involving a video).

### III.     Attorneys' Fees

We next consider the Plaintiff's request for attorneys' fees. *See* Motion at 12–13. "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United State or an officer thereof. Except as otherwise provided, the court may also award a reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505. In awarding attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163–64 (11th Cir. 2008) (cleaned up). "[T]he lodestar amount embodies a presumptively reasonable fee." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017). But "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district judge to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434. "The district court awards § 505 attorney's fees 'as a matter of the court's discretion.'" *InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014) (quoting *Fogerty v. Fantasy, Inc.*, 510, U.S. 517, 534 (1994)). "[I]n determining whether to award attorney's fees under § 505, the district court should consider . . . whether imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999). An award of attorneys' fees will further the goals of the Copyright Act when it "encourage[es] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible." *InDyne*, 587 F. App'x at 554 (quoting *MiTek*, 198 F.3d at

7

842–43). In assessing a plaintiff's request for fees, we "consider factors such as 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Ibid.* (quoting *Fogerty*, 510 U.S. at 534 n.19). Courts in our Circuit regularly award attorneys' fees under § 505 on a default judgment. *See, e.g.*, *Harrington v. Mari*, 2023 WL 4707163, at *5–6 (S.D. Fla. June 29, 2023) (Valle, Mag. J.), *report and recommendation adopted*, 2023 WL 4703937 (S.D. Fla. Jul. 24, 2023) (Williams, J.) (noting that "courts regularly award attorney's fees and costs upon default judgment in copyright infringement cases" and awarding $3,604.15 in fees); *Broad. Music Inc. v. Taste & Spirit, LLC*, 2023 WL 3353044, at *5 (M.D. Fla. Apr. 21, 2023) (Flynn, Mag. J.), *report and recommendation adopted*, 2023 WL 3339065 (M.D. Fla. May 10, 2023) (Covington, J.) (awarding $3,000 in attorneys' fees in a copyright-infringement default judgment).

After careful review, we find that the Plaintiff is entitled to reasonable attorneys' fees as the prevailing party in this case. The two Plaintiff's attorneys—Craig Sanders (partner) and Jaymie Sabilia-Heffert (associate)—bill at rates of $700 and $450 per hour, respectively. *See* Sanders Decl. [ECF No. 15-4] ¶¶ 4, 6. And the two paralegals—Laura Costigan and Ryan Feldman—each bill at $125 per hour. *See* Time Billing Records [ECF No. 15-5]. These rates are well within the hourly range for similarly experienced attorneys in copyright-infringement matters. *See generally* American Intellectual Property Law Association 2021 Survey [ECF No. 15-6]. Because Sanders billed 0.8 hours ($560), Sabilia-Heffert billed 13.3 hours ($5,985), and the paralegals billed 3.7 hours ($462.50), the total attorneys' fees amount to $7,007.50. *See* Time Billing Records at 3–4. This is a reasonable lodestar for this type of litigation. *See, e.g.*, *Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc.*, 2021 WL 2430999, at *6 (S.D. Fla. Mar. 23, 2021) (Middlebrooks, J.) (awarding $5,260.00 in attorneys' fees for a similar copyright-prosecution default judgment); *Harrington*, 2019 WL 13436531, at *3 (same, but awarding $5,209.15 in

8

attorneys' fees); *Strober*, 2021 WL 7629457, at *4 (same, but awarding $4,756.25 in attorney's fees). We therefore award the Plaintiff **$7,007.50 in attorneys' fees**.

### IV.  Costs

We finally consider the Plaintiff's request for costs. Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." For purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop. Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (cleaned up). "A judge or clerk of any court of the United States may tax as costs the following: (1) [f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). And this Circuit has held that "private process server fees may be taxed pursuant to [28 U.S.C. §§ 1920–21]." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Here, the Plaintiff is seeking reimbursement for our $402 filing fee and the $166.25 it paid in private process-server fees (for a total of $568.25). *See* Sanders Decl. ¶ 7; *see also* Process Server Invoices [ECF No. 15-7]. We now grant this request and award the Plaintiff **$568.25 in costs**.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Entry of Default Final Judgment [ECF No. 15] is **GRANTED**.
2. The Defendant is **ENJOINED** from continuing to store or display the Plaintiff's copyrighted video under 17 U.S.C. § 502(a).
3. The Plaintiff is entitled to judgment against the Defendant in the amount of **$30,000** under 17 U.S.C. § 504(c).
4. The Plaintiff is entitled to recover reasonable attorneys' fees and costs in the amount of **$7,575.75** under 17 U.S.C. § 505 and FED. R. CIV. P 54(d).

9

5. This case remains **CLOSED**. Any pending deadlines and hearings remain **TERMINATED**, and any pending motions remain **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on February 22, 2024.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record